Lester Luther, U. S. Atty., and Nicholas F. Lopes, Asst. U. S. Atty., Topeka, Kan., for defendant.

HILL, District Judge.

**FORT SCOTT CLINIC & HOSPITAL CORP. v. BRODRICK.**

**No. F.S.–25.**

United States District Court
D. Kansas.

June 22, 1951.

### 1.

Dr. John R. Newman, who is the president of the plaintiff, commenced the practice of medicine in Fort Scott, Kansas, in 1905. Dr. Claud F. Young commenced practice as an employee of Dr. John R. Newman in 1913. In 1925, they became partners in the practice of medicine, continuing as such, as the Newman & Young Clinic, until October 1, 1945, during which time they employed various doctors to assist in their growing practice of medicine and surgery.

### 2.

On October 1, 1945, Drs. John R. Newman, Claud F. Young, Jesse R. Prichard, and Raymond L. Gench, became partners in the practice of medicine as the Newman & Young Clinic, employing other doctors, and continuing as such until the organization of the plaintiff.

### 3.

On September 22, 1947, a certificate of incorporation was issued by the Secretary of State of the State of Kansas to the plaintiff, the incorporators being John R. Newman, Sr., Claud F. Young, Jesse R. Prichard, Raymond L. Gench, Robert S. Young, and Addison C. Irby, all of Fort Scott, Kansas. Dr. R. S. Young is the son of Dr. Claud F. Young.

### 4.

The articles of incorporation of the plaintiff recite that the incorporators "hereby associate ourselves together to form and establish a corporation Not for profit," and include the following provisions:

Fifth: The corporation is organized Not for profit and the objects and purposes to be transacted and carried on are:

(1) To establish and maintain a clinic and hospital;

(2) To employ and pay doctors, surgeons and scientists for services or research in connection therewith;

(3) To promote and conduct research in the science of healing and preventing human ailments and deseases (sic);

(4) To provide medical and surgical aid, nursing and hospitalization for the sick and injured persons, without regard to race, creed, wealth or ability to pay therefor;

(5) To instruct and train suitable persons in the duties of nursing and attending upon the sick and injured;

(6) To provide such other charitable services incidental and kindred to those above mentioned as the trustees may prescribe;

(7) To acquire and hold real and personal property by lease, purchase, gift, devise or bequest with plenary powers to use, husband or convert or to invest or reinvest the same in and for the administration of any or all of the purposes herein set out;

(8) No dividends shall ever be declared or paid by the corporation. The corporation shall not have authority to issue capital stock.

Sixth: The conditions of membership are: The membership of the said corporation shall consist of John R. Newman, Sr., Claud F. Young, Jesse R. Prichard, Raymond L. Gench, Robert S. Young and Addison C. Irby and such other persons who shall have been nominated for membership in the said corporation by the unanimous vote of the trustees of the said corporation, and duly elected to such membership by a majority vote of the members of said corporation.

\*    \*    \*    \*    \*    \*

Ninth: The number of trustees shall be *six* who until the first annual meeting of the members shall be John R. Newman, Sr., Claud F. Young, Jesse R. Prichard, Raymond L. Gench, Robert S. Young and Addison C. Irby.

**5.**

The plaintiff commenced operations, on November 1, 1947, and at that time adopted by-laws. With respect to the trustees, Article Two of the by-laws provides:

1. Election and term of office. A board of six trustees shall be chosen annually by the members at their annual meeting to manage the affairs of the corporation. Their term of office shall be one year.

2. Vacancies. Vacanceis in the board of trustees by reason of death, resignation or other causes shall be filled by the remaining trustees to fill unexpired terms.

\*    \*    \*    \*    \*    \*

5. Quorum. A majority of the trustees shall constitute a quorum.

6. Duties of the Trustees. The trustees shall have the general management and control of the business and affairs of the corporation.

With respect to compensation of officers, Article Three of the by-laws provides:

6. Compensation. The salaries of all officers shall be fixed by the board of trustees and shall be changed from time to time by the majority vote of the board.

All physicians and surgeons who are members or employees of the plaintiff receive salaries from the plaintiff, the amounts of which are fixed by the trustees (by majority vote) and may be and frequently have been changed at the will of the trustees.

**6.**

There are now ten doctors who are members of the plaintiff, and who constitute all of the licensed physicians of the plaintiff—John R. Newman, Claud F. Young, Robert S. Young, Pratt Irby, Francis M. Stone, Jr., Norman L. Claybourne, Jesse R. Prichard, John Aldis, Raymond L. Gench and Addison C. Irby.

**7.**

Two of its member physicians have received further training in specialized fields at the expense of the plaintiff. But the plaintiff has not and would not contribute to the further education of or research work of any doctor who was not or was

not expected to become associated with the plaintiff.

8.

The plaintiff never has operated a hospital, or provided nursing or hospitalization for sick or injured patients, or operated a school of nursing, or operated a research laboratory. It never has provided any charitable services other than medical and surgical treatment of patients who were unable to pay for such services. It is customary for reputable physicians and surgeons to render needed professional services to patients, regardless of their financial circumstances and who may not be able to pay therefor.

9.

Patients of the plaintiff are treated by its physicians and charges for their services are made by the plaintiff and are paid by the patients to the plaintiff. The doctors are on salaries paid by the plaintiff in amounts fixed by the plaintiff's trustees, who may change them at will.

10.

The Commissioner of Internal Revenue having ruled that the plaintiff was not a charitable organization which would be exempt from the payment of income taxes under Section 101(6) of the Internal Revenue Code, 26 U.S.C.A. the plaintiff filed an income tax return for the fiscal year ended October 31, 1948, reporting therein gross income of $140,667.66 and net income of $7,743.39. Upon the basis of the return that was filed, the Commissioner assessed the plaintiff income taxes of $1,680.98, together with $6.92 interest thereon, the total assessment being $1,687.90, which the plaintiff paid in two payments—$420.90 on January 24, 1949, and $1,267 on May 17, 1949.

11.

Thereafter, within time, the plaintiff filed a claim for refund of the income taxes paid for the fiscal year ended October 31, 1948, the grounds for refund stated in the claim being the same as those urged in the present action. No action having been taken on the claim for refund, this action was commenced more than six months after the filing of the claim.

Conclusions of Law.

1.

The plaintiff was not organized exclusively for any of the purposes specified in Section 101(6) of the Internal Revenue Code, during the taxable year ended October 31, 1948, and, therefore, is not exempt from the payment of income taxes.

2.

The plaintiff was not operated exclusively for any of the purposes specified in Section 101(6) of the Internal Revenue Code, during the taxable year ended October 31, 1948, and, therefore, is not exempt from the payment of income taxes.

3.

Since the plaintiff, in the taxable year ended October 31, 1948, did not meet the requirement that no part of its net earnings inure to the benefit of any private shareholder or individual, specified in Section 101(6) of the Internal Revenue Code, the plaintiff is not exempt from the payment of income taxes.

4.

The Commissioner of Internal Revenue has correctly determined and assessed the plaintiff's income tax liability, from the payment of which the plaintiff is not exempted, and, therefore, the plaintiff's complaint must be dismissed.

5.

The income taxes sought to be recovered in this action were properly, correctly and lawfully determined and assessed by the Commissioner of Internal Revenue and legally collected by the defendant, and by reason thereof, the plaintiff's complaint must be dismissed at the plaintiff's costs.

6.

Upon the facts and the law, the judgment of the Court must be against the plaintiff and in favor of the defendant herein.